**In re PERDIDO MOTEL GROUP, INC., Debtor.**

**PERDIDO MOTEL GROUP, INC., Plaintiff,**

v.

**FLORIDA NATIONAL BANK, Defendant.**

**Bankruptcy No. 88–05976.
Adv. No. 88–0438.**

United States Bankruptcy Court, N.D. Alabama.

Oct. 27, 1989.

Thomas J. Knight, Anniston, Ala., for plaintiff.

Robert B. Rubin, Stephen B. Porterfield, Donald M. Wright, Birmingham, Ala., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS BY THE COURT

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

Introduction—

The above-styled chapter 11 bankruptcy case is pending before the bankruptcy judges upon the voluntary petition of Perdido Motel Group, Inc. (hereinafter referred to as "debtor"), filed under title 11, chapter 11, United States Code, on June 22, 1988. The above-styled adversary proceeding was commenced by the complaint of the debtor, which is a debtor-in-possession, against the defendant, Florida National Bank (hereinafter referred to as "defendant"), filed herein on July 8, 1988, seeking to recover the sum of $184,800.00 for an alleged preferential transfer of the debtor's property, pursuant to 11 U.S.C. § 547 and § 550.

The parties filed stipulations of fact on October 19, 1989; however, on said day this adversary proceeding also was tried to a conclusion before the Court and submitted. This trial was the latest (but not the last) of the controversies litigated between these parties since the commencement of this reorganization bankruptcy case. The debtor failed in its first effort to reorganize but was successful in obtaining confirmation of its second plan of reorganization; however, this Court's order of confirmation is on appeal at the instance of the defendant.

*Findings of Fact—*

The evidence at trial produced no critical evidence beyond the facts established in the stipulation which the parties filed on the date of the trial. The details of the defendant's transactions are tedious, but it is unnecessary for the Court to find the facts of this controversy in excruciating detail, and the Court will find the relevant and necessary facts in a broad outline.

The defendant is a bond trustee in a so-called industrial development bond transaction, whereby the debtor became liable for the payment of principal and interest on the municipal bonds. The bonds were sold, and the proceeds were used to construct and equip the debtor's motel near Pensacola, Florida, with the funds being disbursed by the defendant. An anticipated flowering of economic development in the area of the motel did not materialize, and the debtor defaulted in making bond-mortgage payments to the defendant, for disbursement to the bondholders.

As a part of the financial package for the motel development, a principal stockholder and officer of the debtor guaranteed $400,-000.00 of the debtor's obligation concerning the bonds and obtained and delivered to the defendant a bank letter of credit in that amount, for security of his guaranty. This amounted to a guaranty of about 10% of the total bond indebtedness. The letter of credit, by its provisions, terminated December 27, 1986. Although the debtor had defaulted prior to that time, has remained in default, the guaranty of $400,000.00 was not made good, and the guarantor also may be financially distressed, the defendant negligently failed to draw upon the bank letter of credit. In response to demands by the bondholders, the defendant put up $400,000.00 of its own money to stand in the place of the guaranty and the letter of credit.

In November, 1987, at the direction of the bondholders, the defendant paid to them approximately $111,000.00 for interest payments due and unpaid on the bonds, and the defendant then opened an account with itself and deposited the remaining approximately $289,000.00 into this account, which was titled "Perdido Motel '85 Guaranty Collateral Account." On June 1, 1988, the defendant issued checks totaling $184,-800.00 to the bondholders, for a payment of part of the interest then due on the bonds, and sent these checks to the bondholders within a few days. By a series of transfers and deposits on or about June 7 and 8, 1988, the defendant transferred approximately $184,000.00 from the "Guaranty" account through other accounts which the defendant maintained with itself and into another such account, having the effect of reimbursing itself for the June 1 disburse-

ment to the bondholders. It is this reimbursement of the defendant, from the "Guaranty" account which is the basis of the alleged voidable and preferential transfer claimed by the debtor. The debtor never had any control or exercised any control over any of the bank accounts involved.

The debtor is hopelessly insolvent, and the defendant's reimbursement of itself for its advance to the bondholders would enable it to receive more than it would have received for this advance on the debtor's bond obligation if this were a chapter 7 liquidation case, the transfer or reimbursement had not been made, and the creditor had received reimbursement or payment to the extent provided by the provisions of title 11, United States Code.

*Conclusions by the Court—*

This controversy has been tried and submitted to the Court upon the principal question of whether the funds in the "Guaranty" account, upon the defendant's deposit of $400,000.00 into the account, constituted property of the debtor such as would make a reimbursement of the defendant from these funds a "transfer of an interest of the debtor in property." [1] Aside from other aspects of a preferential transfer which is avoidable by the trustee in bankruptcy or by a chapter 11 debtor-in-possession,[2] pursuant to section 547(b), the debtor recovers from the defendant the $184,800.00, if the defendant reimbursed itself from funds of the debtor for the previous advance to the bondholders, on the debtor's behalf; but, if the reimbursement was not from property of the debtor, the debtor has nothing to recover.

The funds in the "Guaranty" account originated from the defendant and from the defendant's own money. The debtor never had and never exercised any control over the funds. The $400,000.00 was put up by the bank to satisfy the bondholders' claim against it for a negligent failure to draw down the $400,000.00 under the bank letter of credit or to obtain a substitute for the letter of credit. The $400,000.00 was to secure the guaranty of that portion of the debtor's bond indebtedness guaranteed by its principal stockholder and officer, who, apparently, has not (perhaps, cannot) make good on the guaranty. The $400,000.00 was no more intended to become or became property of the debtor than was the bank letter of credit. Without the bank letter of credit to back up the guaranty of the debtor's principal stockholder and officer of $400,000.00 of the bond indebtedness, the guaranty, apparently, was worthless, and the bank's intentions and actions in putting up the $400,000.00 were directed toward remedying the worthlessness of this guaranty.

The debtor has placed substantial stress and reliance upon the fact that the $400,000.00 was deposited in an account bearing the title "Perdido Motel '85 Guaranty Collateral Account." The debtor argues that the title of the account shows that it belonged to "Perdido Motel Group, Inc.," the debtor. Under the circumstances of the creation of this account, including the funds credited to it, the debtor's argument is a *non sequitur.*

"All things considered," the defendant's transfer to reimburse itself was not made from property of the debtor or property in which the debtor had an interest,[3] the transfer was not a voidable and preferential transfer, the complaint has not been sustained, and an order will be entered favorable to the defendant.

---

1. 11 U.S.C. § 547(b).

2. 11 U.S.C. § 1107(a).

3. The defendant filed in this case a proof of claim for the $400,000 deposited by it in the "Guaranty" account but now seeks to withdraw the claim. While the filing by the defendant of the proof of claim appears to be inconsistent with its position that the $400,000 did not become property of the debtor, that is an inconsistency arising subsequent to the transfer in question, and it does not control the issue to be determined in the proceeding.